# TERRITORY OF HAWAII *v.* JAMES MONTGOMERY.

## No. 2760.

FILED JUNE 22, 1950.                    DECIDED AUGUST 30, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

*Per Curiam.* This is a petition for rehearing of the cause relative to this court's opinion reported on page 561 *ante.* The petition sets forth four grounds.

Ground 1 urges that the jurisdictional question of review as presented by the writ of error should have been resolved favorably to the petitioner in that he is without fault with respect to the failure to produce a complete transcript of the evidence adduced below. This ground was fully argued in the briefs and considered by this court. Morever, it concerns a matter not in issue.

Concededly, the exclusion of the transcript was through no act, fault or failure of the petitioner. The defendant in error was equally without fault, an intervening act of providence being the direct and proximate cause. This unanticipated intervention placed both parties in *status quo* in respect to the results flowing therefrom. It generated no preferential status on review in favor of the plaintiff in error. The petitioner's attempt to confer the requisite jurisdiction and power of appellate review upon this court by way of stipulation was abortive. The question of acts of omission or commission on the part of either party to the proceeding was not before the court for determination.

Ground 2 alleges that the court's findings represent a numerical minority in precedents established in similar

cases in other jurisdictions. This fact in itself, upon the record presented, bears no rationale to the conclusion reached. The precedents constituting the numerical majority granting a new trial are premised either upon express or implied statutory authority conferring appellate jurisdiction for review in such cases; or is contained in expressly enumerated statutory grounds for the granting of a new trial. No statutes declaratory of either of the foregoing are to be found in this jurisdiction.

Ground 3 suggests the possibility of injustice resulting from the precedent established. Destruction by fire of a court reporter's shorthand notes of the evidence pending review of a judgment of conviction of murder in the first degree is cited. Attention is directed to the executive power of commutation which may be exercised even though the statutory mandate for review in a case of a sentence of death (R. L. H. 1945, § 9564) is incapable of conformance due to the absence of evidence necessary therefor. The loss of a court reporter's shorthand notes of a civil suit pending review, through no fault of either party to the proceeding, is also cited. Statutory jurisdiction and power of review, or the inclusion of such cases as statutory grounds for the granting of a new trial, are the ostensible criteria for determination thereof. This rule under the pertinent statutes in situations wherein the loss, destruction, or inability to procure the *entire* transcript is caused by an intervening act of providence due to no fault of the parties, operates to place them in *status quo ante*. *Partial* loss, destruction or availability of but a *portion* of a transcript, issues of the cause and effect thereof and of the materiality of the unavailable portion to a determination of the errors assigned are not presented by the record before us. The parties have had their day in court. Further proceedings by way of review are logically and

of necessity governed exclusively by statute, the right of review being guaranteed neither by the Federal Constitution nor by the Organic Act. In addition thereto in the instant case, the subject matter of the errors specified was considered by the court below in its denial of the motion for a new trial.

Ground 4 alleges that statutory authority is in fact existent for granting of the relief sought. What has been said with reference to grounds 1, 2 and 3 of the petition is also applicable to this ground. We cannot, desirable as it may appear from the standpoint of the contentions urged by the petitioner, alter our considered view of the law applicable to the facts presented. We are unable to discern in the petition or in any of the statutes referred to therein any grounds or authority, expressed or implied, upon which we can grant the plaintiff in error a new trial. The absence of statutory authority might properly be addressed to the legislature but not to this court, whose duty it is to interpret statutes as enacted.

The petition for rehearing is denied without argument.